CENTRAL TRUST Co. and another *v.* WABASH, ST. L. & P. RY. Co. (HAMILTON, Intervenor.)[1]

*(Circuit Court, E. D. Missouri.   April 2, 1886.)*

EQUITY PRACTICE—INTERVENING JUDGMENT CREDITORS.
    Where a small judgment creditor of a railroad, whose judgment was recovered before the appointment of a receiver, and who lives at a distance from the place where court is held, intervenes in a foreclosure suit against the road, he should be given the fullest opportunity of a hearing, and technical rules should not be enforced against him.

In Equity.   Motion to set aside order confirming report of master on intervening petition of George Hamilton.
    *James Carr*, for intervenor.
    *Wells H. Blodgett*, for receiver.

BREWER, J., *(orally.)*   In the intervention of George Hamilton in the *Wabash Case*, it appears that a year ago a petition of intervention was filed, which was referred to the master, and by him reported upon.   The intervention was on account of a judgment against the Wabash road, in one of the outlying counties, a short time before the appointment of the receivers.   The petition was filed by counsel living in such county.   Upon the filing of the master's report, which was adverse to the claim, the matter passed along without action until the fifteenth of March of the present year, when, through new counsel, without leave of the court, an amended petition of intervention was filed.   Four days thereafter the report of the master was confirmed.   Now, a motion is made to set aside that order of confirmation, and refer the matter back to the master.   Upon the hearing of this motion there was little or no discussion as to whether, under the amended petition, the petitioner would have any lien upon the *corpus* of the property prior to the lien of the mortgages, or even upon the earnings of the road; and I express no opinion as to whether he would have any claim based upon the facts as stated in his amended petition.

I have no question but that, technically, he is entitled to no further hearing in this court.   He neglected to file any exceptions to the master's report; and yet it must be remembered that this claim

---

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

comes from an outlying county, which had been placed in judgment before the court through its receivers took possession of this large property; and the court, dealing equitably with such interests as that, ought to give to every one, especially to those holding small claims, and living at a distance, the fullest opportunity of a hearing, and not rigidly enforce technical rules against them. So it seems to me that it would be fair to make an order like this: that upon the payment of all the costs which have accrued in this intervention since the filing of the original petition, the order of confirmation be set aside, and leave given to file the amended petition, and the whole matter referred back to the master; and it will be so ordered.